Peter M. Rehon (SBN 100123)
Steven M. Wheat (SBN 286974)
REHON & ROBERTS
A Professional Corporation
830 The Alameda
San Jose, CA 95126
Telephone: (408) 494-0900
Facsimile: (408) 494-0909
Email: prehon@rehonroberts.com
swheat@rehonroberts.com

Attorneys for Creditors DONALD E. VANNI, individually and as trustee of the Donald E. Vanni and Sharon L. Vanni Revocable Inter Vivos Trust; DONALD E. VANNI AND SHARON L. VANNI REVOCABLE INTER VIVOS TRUST; and CHRIS VANNI

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>AMIR SAFAKISH,<br><br>      Debtor, | Case No. 19-51094 MEH<br><br>Chapter 11<br><br>**THE VANNI CREDITORS' MOTION FOR SERVICE OF SUBPOENAS BY ALTERNATIVE METHOD**<br><br>Date: April 30, 2020<br>Time: 10:30 AM<br>Courtroom: 3020<br>    280 South First Street, 3rd Floor<br>    San Jose, CA 95113<br>Judge: Hon. M. Elaine Hammond |

**TABLE OF CONTENTS**

I. INTRODUCTION AND SUMMARY OF ARGUMENT ................................................. 1

II. SUMMARY OF FACTS ............................................................................................ 1

III. ARGUMENT ............................................................................................................. 2

    A. The Court Should Authorize the Vanni Creditors to Serve the Subpoenaed Parties by Alternative Means. ................................................................................ 2

    B. The Court Should Grant Leave to the Vanni Creditors in the Same Manner as the Northern District Granted Leave in *Toni Bratton*. ............................................ 5

IV. CONCLUSION .......................................................................................................... 6

# TABLE OF AUTHORITIES

**Cases**

*Bland v. Fairfax County, Va.*, 275 F.R.D. 466 (E.D. Va. 2011) ...................................................... 5

*BNSF Ry. Co. v. Alere, Inc.*, 2018 U.S. Dist. LEXIS 83559 (S.D. Cal. 2018) ............................... 5

*Chima v. U.S. Dep't of Defense*, 23 Fed. App'x 721, 724-25 (9th Cir. 2001) ................................ 3

*Cordius Trust v. Kummerfeld*, 1999 U.S. Dist. LEXIS 19980, 2000 WL 10268, at *1-2
    (S.D.N.Y. Jan. 3, 2000) ................................................................................................................ 3

*Dhillon v. Does 1-10*, 2013 U.S. Dist. LEXIS 141050, 2013 WL 5367783, at *2 (N.D. Cal.
    Sept. 25, 2013) ............................................................................................................................ 4

*Green v. Baca*, 2005 WL 283361, at *1 n.1 (CD. Cal. Jan. 31, 2005) ............................................ 4

*King v. Crown Plastering Corp.*, 170 F.R.D. 355, 356 (E.D.N.Y. 1997) ....................................... 4

*Prescott v. County of Stanislaus*, 2011 U.S. Dist. LEXIS 134137 .................................................. 3

*Smash Pictures v. Does 1-265*, 2012 U.S. Dist. LEXIS 30780, 2012 WL 761936, at *3 (E.D.
    Cal. Mar. 7, 2012) ....................................................................................................................... 4

*Toni Brattin & Co. v. Mosaic Int'l, LLC*, 2015 U.S. Dist. LEXIS 45756 ....................................... 3

*Toni Bratton* ............................................................................................................................... 4, 5

**Statutes**

Federal Rules of Appellate Procedure, Rule 32.1 ............................................................................ 3

Federal Rules of Bankruptcy Procedure, Rule 45 ................................................................... *passim*

ii

THE YANNI CREDITORS' MOTION FOR SERVICE OF SUBPOENAS BY ALTERNATIVE METHOD
Case: 19-51094    Doc# 165    Filed: 03/18/20    Entered: 03/18/20 10:49:35    Page 3 of 9

Creditors Donald E. Vanni, individually and as trustee of the Donald E. Vanni and Sharon L. Vanni Revocable Inter Vivos Trust, Donald E. Vanni And Sharon L. Vanni Revocable Inter Vivos Trust, and Chris Vanni (collectively, the "Vanni Creditors") submit the following Memorandum of Points and Authorities in support of their Motion for Service of Subpoenas by Alternative Method.

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Recent federal opinions have unanimously held that alternative service of Rule 45 subpoenas is permitted where the deponents have intentionally evaded personal service. As detailed herein, the Vanni Creditors have spent considerable time, money, and effort attempting to effect personal service of subpoanes on several of the Debtor's family members. These subpoenas are critical for the disposition of this petition because the documents sought will reveal whether the Proof of Claim of the Debtor's son, Keon Safakish ("Keon") is valid or whether, in fact, whether the money that was purportedly borrowed by family members to pay the Debtor's loan to Wells Fargo Bank was actually paid in whole or in part by the Debtor. The documents subpoenaed will also determine whether the Debtor's payment to his wife, Sousan, on the eve of his first bankruptcy was preferential and was used to purchase the Wells Fargo loan by Keon. Based on the Ninth Circuit authorities referenced below, the Vanni Creditors respectfully request leave of Court to serve these deponents by U.S. Mail.

## II. SUMMARY OF FACTS

On February 5, 2020, counsel for the Vanni Creditors, Peter M. Rehon, caused to be prepared Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (the "Subpoenas") to serve on Keon Safakish, the Debtor's son ("Keon") and other members of the Debtor's family, specifically, Sousan Safakish, Nariman Safakish, Sahar Safakish, Sepahmansour Shahrzad, and Ladan Manteghi (collectively, "Subpoenaed Parties") to determine the source of the funds used by Keon to purchase the Wells Fargo Bank secured claim in July of 2018, true and correct copies of which are collectively attached to the accompanying Declaration of Peter M. Rehon ("Rehon Dec.") as Exhibit 1. (See

1

Rehon Dec., ¶ 3.)

On February 5, 2020, Mr. Rehon sent an email to Debtor's counsel, Alex Naegele, asking him if he would accept service of Keon Safakish's subpoena, and also asked if he would ask the Debtor and Keon to cooperate in the service of the Subpoenas on the family members, and Mr. Naegle responded on that same date, a true and correct copy of which is attached as Exhibit 2 to Rehon Dec. (See Rehon Dec., ¶ 4.)

On February 8, 10, 12, 14, and 16, 2020, the Vanni Creditors' process server attempted to serve subpoenas to produce documents on Sousan Safakish, Keon Safakish, Nariman Safakish, Sahar Safakish, and Sepahmansour Shahrzad. According to the process server's declarations, the Vanni Creditors believe that all of the Subpoenaed Parties intentionally avoided service, true and correct copies of the process server's declarations are collectively attached to Rehon Dec. as Exhibit 3. According to the process server's declarations, a gentleman fitting the description of the Debtor assisted in the Debtor's family's efforts to evade service of the Subpoenas.

The Vanni Creditors cannot obtain an actual address for Ladan Manteghi in order to effect service on Ms. Manteghi.

Because the Vanni Creditors were not able to serve the Subpoenas on the Subpoenaed Parties before the Subpoenas expire, on March 16, 2020, Mr. Rehon caused to be prepared the amended Subpoenas to serve on all the Subpoenaed Parties, true and correct copies of which are collectively attached to Rehon Dec. as Exhibit 4. (See Rehon Dec., ¶ 7.)

## III. ARGUMENT

### A. The Court Should Authorize the Vanni Creditors to Serve the Subpoenaed Parties by Alternative Means.

The Bankruptcy Rules of Procedure ("B.R.P.") adopt the Federal Rules of Bankruptcy Procedure ("FRBP") on discovery matters such as Rule 45 third party subpoenas, which is the subject of this motion. Until recently, there was a split in authority among the Federal Circuits as to whether the FRCP mandates personal service of third party subpoenas, or whether such subpoenas can be served by alternate means such as by registered U.S. Mail. The modern trend has been to permit service by alternative means where the deponent has evaded personal service.

Several recent Ninth Circuit opinions confirm that alternative service is permitted in this dispute. In one case the propounding party sought a court order prior to serving by alternative means; in another, the subpoena was served by mail without a court order, but was later upheld as valid by the District Court. Here, the Vanni Creditors proactively seek leave of court to serve these subpoenas by U.S. Mail.

In the first recent, unpublished opinion, *Toni Brattin & Co. v. Mosaic Int'l, LLC*, 2015 U.S. Dist. LEXIS 45756 (N.D. Cal. April 9, 2015) ("*Toni Bratton*"), the Northern District granted the movant's request for alternative service of several Rule 45 subpoenas. While *Toni Bratton* is an unpublished opinion, it was issued after 2007 and is therefore citeable in Federal court pursuant to Federal Rules of Appellate Procedure ("FRAP") , Rule 32.1. The below points of law are adapted from the *Toni Bratton* opinion, and should be applied in favor of granting the Vanni Creditor's motion.

Rule 45 "command[s] each person to whom it is directed to … attend and tesitfy" at a trial or deposition. *See* Fed. R. Civ. P. 45(a)(1)(A)(iii). Rule 45(b) requires "delivering a copy to the named person," which some courts have interpreted as requiring personal service. *See, e.g.*, *Prescott v. County of Stanislaus*, 2011 U.S. Dist. LEXIS 134137 at *3 (E.D.Cal. Jan 3, 2012) (collecting cases where majority of courts interpret "delivering" to require personal service.) In *Chima v. U.S. Dep't of Defense*, 23 Fed. App'x 721, 724-25 (9th Cir. 2001), service of a Rule 45 subpoena by mail rather than by personal service was held improper. The propounding party in *Chima* had not sought leave of court prior to alternative service.

In *Toni Bratton*, a distinguishing factor vis-à-vis *Chima* was that the moving party sought leave of court before attempting alternative service. *See Toni Bratton*, *supra*, at *9. The Northern District cited a large number of more recent cases following *Chima*, including several in the Ninth Circuit, which authorized alternative service of Rule 45 subpoenas. *See id.*, citing *Cordius Trust v. Kummerfeld*, 1999 U.S. Dist. LEXIS 19980, 2000 WL 10268, at *1-2 (S.D.N.Y. Jan. 3, 2000) (authorizing alternative service of the subpoena after numerous failed attempts to effectuate personal service); *Dhillon v. Does 1-10*, 2013 U.S. Dist. LEXIS 141050, 2013 WL

3

THE VANNI CREDITORS' MOTION FOR SERVICE OF SUBPOENAS BY ALTERNATIVE METHOD
Case: 19-51094   Doc# 165   Filed: 03/18/20   Entered: 03/18/20 10:49:35   Page 6 of 9

5367783, at *2 (N.D. Cal. Sept. 25, 2013) (permitting Google to serve each entity or person whose information is sought with a copy of the subpoena "using any reasonable means, including written notice sent to the entity's or person's last known address, transmitted either by first-class mail or overnight service."); *Smash Pictures v. Does 1-265*, 2012 U.S. Dist. LEXIS 30780, 2012 WL 761936, at *3 (E.D. Cal. Mar. 7, 2012) (permitting service "using any reasonable means, including written notice sent to the subscriber's last known address, transmitted either by first-class mail or via overnight service, or by e-mail notice."); *see also Green v. Baca*, 2005 WL 283361, at *1 n.1 (CD. Cal. Jan. 31, 2005) (noting that to "constru[e] Rule 45 to require personal service would render superfluous that part of the rule which states that proof of service is accomplished 'by filing with the clerk of the court . . . a statement of the date and manner of service.'" Fed. R. Civ. P. 45(b)(3)); *King v. Crown Plastering Corp.*, 170 F.R.D. 355, 356 (E.D.N.Y. 1997) ("the court sees no reason for requiring in hand delivery so long as service is made in a manner that reasonably insures actual receipt of the subpoena by the witness").

After reviewing the recent authorities, the Northern District in *Toni Bratton* determined that the FRCP should not be misused by a deponent seeking to purposely evade service and frustrate enforcement of a lawful Rule 45 subpoena. *See Tony Brattin* at *10. The requesting party had proved diligent efforts at personal service. *See id*. Under the circumstances, the Northern District ruled that Rule 45 should be construed as provided in Rule 1 "to secure the just, speedy, and inexpensive determination of every action," which would allow for alternate means of service. The Court also ruled that service by mail "comports with due process as it is reasonably calculated under the circumstances to provide Respondents with both otice and an opportunity to present objections." *See id*. The Northern District ultimately ordered the requesitng party to serve the Rule 45 subpoenas within 30 days of the order by first-class mail or overnight service to the entity's or person's last known address. *Id*. at *11. The court also ordered the requesting party to serve copies of all Rule 45 subpoenas on opposing counsel by the same mailing method.

In another recent case, the Southern District of California held that a Rule 45 subpoena served by alternative means *without* leave of court was nonetheless valid. *See BNSF Ry. Co. v. Alere, Inc.*, 2018 U.S. Dist. LEXIS 83559 (S.D. Cal. 2018). The subpoenaing party served a Massachusetts deponent by mail. The Southern Dist. adopted the analysis of *Bland v. Fairfax County, Va.*, 275 F.R.D. 466 (E.D. Va. 2011) in holding that "Rule 45(b) neither strictly requires personal service nor prohibits alternative means of service" and that "in cases where the subpoenaed nonparty was aware of the incoming subpoena and was willing to testify, actually received the subpoena in advance… and the service was effectuated by means reasonably sure to complete delivery," the subpoena was validly served. The subpoenaing party (1) gave actual notice to the deponent's in-house counsel; (2) the subpoena was served 14 days before the deposition date; and (3) service by mail to the in-house attorney was reasonably sure to effect service. As such, the Southern District ruled that the subpoena was validly served. Here, the Vanni Creditors seek to avoid any dispute as to the subpoenas'' validity by proactively seeking leave of Court, as was deemed proper in *Toni Bratton*.

### B. The Court Should Grant Leave to the Vanni Creditors in the Same Manner as the Northern District Granted Leave in *Toni Bratton*.

As set forth above, the Vanni Creditors have made numerous, diligent efforts to serve the Subpoenaed Parties by personal service. In light of their close personal relation to the Debtor and their extensive knowledge and participation in this matter and related litigation activities, it can only be concluded that the Subpoenaed Parties are intentionally evading service of the Vanni Creditor's Rule 45 subpoenas. For the same reasons elicited by the Northern District in Toni Bratton, the Vanni Creditors hereby also request that the Court grant leave to serve the Subpoenaed Parties by certified U.S. Mail to their last known address(es), along with service of the subpoenas to Debtor and his counsel of record Alex Naegele.

\ \ \

5

## IV. CONCLUSION

For all the reasons set forth herein, the Vanni Creditors respectfully request leave of court to serve the Subpoenaed Parties with the Rule 45 subpoenas by U.S. Mail. Alternative service is appropriate under these circumstances, where the Subpoenaed Parties have intentionally evaded personal service.

DATED: March 18, 2020

REHON & ROBERTS
A Professional Corporation

By: */s/ Peter M. Rehon*
Peter M. Rehon
Attorneys for Creditors DONALD E. VANNI, individually and as trustee of the Donald E. Vanni and Sharon L. Vanni Revocable Inter Vivos Trust; DONALD E. VANNI AND SHARON L. VANNI REVOCABLE INTER VIVOS TRUST; and CHRIS VANNI